**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SARA REED, | : | Civil No. 19-CV-01826 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Jennifer P. Wilson |
| | : | |
| ANDREW SAUL, *Commissioner of Social Security*, | : | |
| | : | |
| | : | |
| Defendant. | : | Magistrate Judge Gerald B. Cohn |

## MEMORANDUM

This is a social security case brought under 42 U.S.C. § 405(g) seeking

review of a decision by the Commissioner of Social Security ("Commissioner") to

deny social security benefits to Plaintiff Sara Reed ("Reed"). The case is presently

before the court on a report and recommendation issued by United States

Magistrate Judge Gerald B. Cohn, which recommends that the court affirm the

Commissioner's decision, and Reed's objection to the report and recommendation.

(Docs. 17–18.) For the reasons that follow, the report and recommendation is

adopted in its entirety, Reed's objections are overruled, and the Commissioner's

decision is affirmed.

## BACKGROUND AND PROCEDURAL HISTORY

On January 13, 2017, Reed filed an application for disability insurance

benefits with the Social Security Administration, alleging that she was disabled

due to lower lumbar disc degeneration, lower lumbar fusion, depression, bipolar

disorder, ADHD, and anxiety.  (Administrative Transcript, pp. 74–75.)  On

November 11, 2018, an Administrative Law Judge ("ALJ") found that Reed was

not disabled.  (*Id*. at 9–25.)  Reed sought review of the ALJ's decision before the

Social Security Administration's Appeals Counsel, which denied the request for

review on August 20, 2019.  (*Id*. at 1–6.)

    Reed initiated the present case through a complaint filed on October 21,

2019, seeking judicial review of the Commissioner's decision to deny her

benefits.  (Doc. 1.)  The Commissioner answered the complaint on December 10,

2019, and provided a copy of the administrative transcript on the same day.

(Docs. 7–8.)

    Reed filed a brief in support of her claim on March 3, 2020.  (Doc. 12.)

Reed raised three arguments in her supporting brief: (1) that the ALJ erred in

failing to apply the treating physician rule; (2) that the ALJ erred by failing to

account for Reed's moderate limitations in maintaining concentration, persistence,

and pace when determining Reed's residual functional capacity ("RFC"); and (3)

that the ALJ erred in determining that Reed's testimony was inconsistent with

other evidence of record.  (*Id.*)  The Commissioner filed an opposition brief on

March 30, 2020, and Reed filed a reply brief on April 17, 2020.  (Docs. 13, 16.)

    Judge Cohn issued a report and recommendation on March 12, 2021,

recommending that the court uphold the Commissioner's decision to deny Reed

benefits.  (Doc. 17.)  Reed objected to the report and recommendation on March

25, 2021, and the Commissioner filed a response on April 5, 2021.  (Docs. 18–19.)
No reply brief has been filed, and the time for doing so has expired.  Accordingly,
the report and recommendation and Reed's objections are ripe for the court's
review.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the
district court is required to conduct a de novo review of the contested portions of
the report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);
*Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may
accept, reject, or modify the magistrate judge's report and recommendation in
whole or in part.  28 U.S.C. § 636(b)(1).  The district court may also receive
further evidence or recommit the matter to the magistrate judge with further
instructions.  *Id.*  "Although the standard is de novo, the extent of review is
committed to the sound discretion of the district judge, and the court may rely on
the recommendations of the magistrate judge to the extent it deems proper."
*Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v.
Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review is not required for portions of a report and recommendation
to which no objections have been raised.  *Univac Dental Co. v. Dentsply Int'l, Inc.*,
702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140,

149 (1985)).  Instead, the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

## DISCUSSION

An ALJ considering an application for social security disability benefits must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant meets or equals an impairment listed under the Social Security regulations; (4) whether the claimant is able to do his or her past relevant work; and (5) whether the claimant is able to do any other work, considering his or her age, education, work experience, and RFC.  20 C.F.R. § 404.1520(a)(4).  The claimant's RFC must be determined as part of step four of the analysis.  *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 201 n.2 (3d Cir. 2019).  Although the court reviews the ALJ's legal conclusions under a de novo standard of review, its review of the ALJ's factual findings is limited to determining whether they were supported by substantial evidence.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *see also* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 587 U.S. __, 139 S. Ct. 1148, 1152–54 (2019).

Reed raises only one objection to the report and recommendation in this case, arguing that the ALJ did not provide sufficient explanation of his step five

determination because "simply precluding production pace (assembly-line work) does not provide a valid explanation" as to how Reed can perform other work. (Doc. 18, pp. 1–2.)  The Commissioner argues that Reed waived this argument because she did not raise it before Judge Cohn.  (Doc. 19, pp. 1–2.)  The Commissioner further argues that, even if the argument was not waived, the ALJ still did not err in his step five analysis.  (*Id.* at 2–4.)

The court agrees with the Commissioner that Reed waived her step five argument by not raising it before Judge Cohn.  An issue raised for the first time in objections to a magistrate judge's report and recommendation is "deemed waived." *In re Nat'l Collegiate Student Loan Trs. 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, 2005-3*, 971 F.3d 433, 445 (3d Cir. 2020).  Here, although Reed argued in her brief before Judge Cohn that the ALJ did not provide sufficient explanation in determining Reed's RFC, she did not make any argument regarding the ALJ's step five analysis.  (*See* Doc. 12, pp. 10–11.)  An argument challenging an ALJ's step five analysis is a "very different" argument from one challenging an ALJ's RFC determination, *Bruton v. Berryhill*, No. 3:16-CV-02342, 2018 WL 1177930, at *10 (M.D. Pa. Feb. 5, 2018), *report and recommendation adopted*, No. 3:16-CV-02342, 2018 WL 1168678, at *1 (M.D. Pa. Mar. 6, 2018), and it therefore cannot be said that Reed's step five argument was encompassed within her RFC argument.

Accordingly, because Reed has waived her only argument by failing to raise it before Judge Cohn, the court reviews Judge Cohn's report and recommendation only for clear error.  *Univac Dental Co.*, 702 F. Supp. 2d at 469.  Having conducted such a review and finding no clear error on the face of the record, the court will adopt the report and recommendation.

CONCLUSION

For the foregoing reasons, Judge Cohn's report and recommendation is adopted in its entirety, Reed's objection is overruled, and the Commissioner's decision to deny Reed social security benefits is affirmed.  An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: July 22, 2021